224

No. 18,326.

MOUNTAIN STATES MIXED FEED COMPANY *v.*
LAWRENCE K. FORD.
(343 P. [2d] 828)

Decided September 8, 1959.

*Error to the District Court of the City and County of
Denver, Hon. Robert W. Steele, Judge.*

Mr. LOUIS G. ISAACSON, Mr. JAY E. LUTZ, Mr. JAMES
D. McKEVITT, for plaintiff in error.

Mr. FRANK A. BRUNO, Mr. H. D. REED, Mr. V. G.
SEAVY, JR., for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

FACTS pertinent to a determination of this cause are
set forth in our opinion decided this date, cause No.
18,248, entitled *Wayne Crouch vs. Mountain States
Mixed Feed Company, a corporation, and Herschel*

*Katchen.* No good purpose would be served by repeating them here.

In the instant case writ of error issued upon the application of Mountain States Mixed Feed Company seeking review of the judgment of the trial court dismissing the action as to the defendant Ford after the jury had returned a verdict against him, and judgment had been entered thereon. In legal effect the trial court entered judgment for the defendant Ford notwithstanding the verdict of the jury. Mountain States Mixed Feed Company argues that the trial court erred in the following respects:

"I. In dismissing plaintiff's action against defendant and entering judgment for the defendant, notwithstanding the fact that the motion filed on his behalf failed to request such relief.

"II. In that the evidence produced on behalf of plaintiff amply supported the verdict of the jury in favor of the plaintiff and against the defendant."

We have examined the record and agree with the trial court in its conclusion that there was no competent evidence connecting defendant Ford with the receipt of any money belonging to the Feed Company.

With reference to point one above, counsel for the company argue that Ford did not request the relief which was granted; that the only motion filed by Ford was for a new trial; and that he failed to preserve his rights concerning his motion for a directed verdict as is required by Rule 50 (b), R.C.P. Colo.

Counsel for Ford answers this argument by asserting that at the time the motion for directed verdict was made, the trial court reserved its ruling thereon until the conclusion of all the evidence; and that the court then stated:

"I am going to reserve a ruling on that motion, Mr. Bruno. You have already determined from what you (sic) have said so far that I am afraid of it and strongly inclined to think you are right. But I am not sufficiently

advised to definitely be sure and neither is he. I think we are both entitled to look it up a little."

The chronology of events pertinent to the issue are as follows: The verdict was received and judgment against Ford entered January 4, 1957; motion for new trial was filed January 10, 1957, and overruled March 8, 1957; judgment against Ford was vacated and action as to him dismissed March 8, 1957.

Rule 50 (b) provides:

"Whenever a motion for a directed verdict made at the close of all evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

■ The motion filed by Ford following the jury verdict was captioned "Motion for New Trial." It contained the following:

"COME NOW the defendants, Wayne Crouch and Lawrence K. Ford, and each of them, and respectfully moves this Honorable Court for its Order setting aside the verdict of the jury and the judgment entered pursuant thereto and granting to them a new trial in the

above cause, and as grounds therefor shows unto the Court that it has committed grievous, prejudicial and reversible error in the following particulars: * * *."

It was alleged, as one of the grounds for the relief sought, that the trial court erred:

"In refusing and denying the defendants' Motion to Dismiss plaintiff's First Cause of Action, as alleged in its purported Complaint, interposed at the conclusion of all of the evidence, in that inter alia, the plaintiff failed to establish by competent evidence the receipt of any moneys belonging to the plaintiff by these defendants, or either of them."

Under the particular facts present in this case it would be manifestly unjust to give the technical interpretation to Rule 50 (b) which is contended for by counsel for the Feed Company. In substance the motion filed by Ford was sufficient to authorize the trial court to enter judgment in his favor notwithstanding the verdict.

The judgment of the trial court is affirmed.

Mr. Chief Justice Knauss and Mr. Justice Day not participating.